UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. Dave Prather,<br><br>Plaintiff,<br><br>v.<br><br>LOUISA EWERT, Rock Island<br>Treasurer, an Elected Government<br>Official,<br><br>Defendant. | No. 12-3196 |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on the Motion to Dismiss filed by the United States of America.  See d/e 4.  Because Relator has not alleged a claim under the False Claims Act and cannot pursue a claim on behalf of the United States pro se, the Motion to Dismiss is granted.

I. BACKGROUND

In July 2012, Relator Dave Prather brought an action on behalf of the United States (Government) which he purported to be brought

pursuant to the federal False Claims Act (FCA) (31 U.S.C. § 3729 *et seq.*). Relator alleges that Defendant Louisa Ewert, the Rock Island County Treasurer, illegally retained $45,490.74 from taxes that were overpaid.

On September 5, 2012, the Government filed its Notice of Election to Decline Intervention. On January 15, 2013, the Government filed its Motion to Dismiss. The Government asserts that this case should be dismissed because: (1) the allegations fail to state a claim under the False Claims Act, and (2) a relator may not proceed without counsel in a *qui tam* action on behalf of the United States.

## II.  LEGAL STANDARD

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and

its basis.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929, 940 (2007).  This means that: (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level."  EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).  While detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do."  Twombly, 550 U.S. at 555, 127 S.Ct. at 1965, 167 L.Ed.2d at 940.  Conclusory allegations are "not entitled to be assumed true."  Ashcroft v. Iqbal, 556 U.S. 662, 681, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868, 885 (2009) (citing Twombly, 550 U.S. 544 (2007)).  "In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party."  In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009) (citing Tamayo,

526 F.3d at 1081).

## III.  ANALYSIS

Relator has failed to state a claim under the False Claims Act. Section 3730 of the False Claims Act allows a private person to bring a civil action for violation of § 3729 of the False Claims Act on behalf of the United States Government.  See 31 U.S.C. § 3730(b)(1).  Section 3729(a)(1) of the False Claims Act subjects persons to liability for certain acts, including the following:

> (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
>
> (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);
>
> (D) has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property;
>
> (E) is authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers

the receipt without completely knowing that the information on the receipt is true;

(F) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge property; or

(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

31 U.S.C. § 3729.

Here, even assuming Relator's allegations are true, Relator's claims are not brought on behalf of the United States. Relator has not alleged that the property involved is owned by the United States. Nor has he alleged that the United States has any interest in the money allegedly being illegally retained by Defendant. Instead, Relator alleges that Defendant, as Rock Island County Treasurer, has illegally retained the overpaid portion of property taxes that were paid by the Miller Container Corporation. The United States has no interest in these funds collected by the county treasurer's office. Therefore, the Complaint is not properly

brought pursuant to the False Claims Act.

Moreover, the Seventh Circuit Court of Appeals has held that non-attorney pro se litigants may not proceed in a qui tam action on behalf of the United States.  See U.S. ex rel. Lu v. Ou, 368 F.3d 773, 775–76 (7th Cir. 2004), overruled on other grounds, U.S. ex rel. Eisenstein v. City of New York, New York, 129 S.Ct. 2230 (2009).  In Ou, the Seventh Circuit affirmed the dismissal rather than remand to the district court to give the relator a chance to find a lawyer.  Ou, 368 F.3d at 776.  The Seventh Circuit found the complaint to be "incoherent, even crazy."  The Seventh Circuit also could not imagine a reputable lawyer being interested in taking the case.  Id.  While Relator's Complaint is comprehensible in this case, it remains clear that Relator has not alleged a claim under the False Claims Act and, under these facts, will never be able to.

## IV. CONCLUSION

THEREFORE, the Government's Motion to Dismiss (d/e 4) is GRANTED.  This case is CLOSED.

IT IS SO ORDERED.

ENTER: February 11, 2013

FOR THE COURT:

                                              s/ Sue E. Myerscough
                                              SUE E. MYERSCOUGH
                                             United States District Judge